ISAIAH MORRIS and ELLA MORRIS, *vs.* JOSEP H M. HAZEL.

*Trespass Quare Clausum Fregit—Evidence—Attendant Circum-
stances—Damages—Landlord—Tenant—Custom of
Neighborhood—Weight of Evidence—Jury
Judges of Evidence—Conflict of Testi-
mony.*

1.   In an action of *trespass quare clausum fregit* the declaration in-
volves, respecting damages, not only the principal transaction, but all
its attendant circumstances, and its natural and injurious results, which
are put in issue by the plea of not guilty.

In an action *trespass quare clausum fregit*, against the defendant
landlord, for damages to peach trees by cutting off and improperly trim-
ming them, without the consent of the plaintiff lessees, evidence that some
of the trees bore fruit; that the plaintiffs sold peaches for a certain sum per
basket that season; that the limbs cut off by the defendant were, at the
time, full of peaches; and that plaintiff lost an estimated number of bas-
kets, is admissible to show the valuation of the use of the trees to the
plaintiffs.

3.   *Trespass quare clausum fregit* is an action for breaking the close of
another and forcibly and unlawfully entering upon another's land.

4.   It is competent for one in possession of lands under a demise to
bring an action of *trespass quare clausum fregit* against his landlord for
unlawfully entering on the land and cutting off and improperly trimming
fruit trees thereon.

5.   A landlord, unlawfully entering upon demised premises and cut-
ting off and improperly trimming fruit trees is liable for nominal damages,
and for such actual damages as the evidence may show was sustained.

6.   Where a local custom permitting landlords to go upon demised
premises and do customary trimming of fruit trees, if the tenant fail to do
so, is pleaded and proven and the landlord enters upon the premises,
the tenant being in default, and does only such trimming, the tenant can-
not recover damages.

7.   A landlord, under a custom of the neighborhood, permitting
landlord to go upon the demised premises and do customary trimming of
fruit trees, should the tenant neglect to do so, may not go on the lands of
his tenant and wilfully destroy fruit trees to the detriment of his tenant.

8.   In civil actions the preponderance or greater weight of the evi-
dence controls.

9.   The jury are the judges of the weight and value of the testimony
and of the credibility of the witnesses.

Statement.

10. When the testimony is conflicting, it is the duty of the Jury to reconcile it if they can; if they cannot, then to give credit to that testimony which they deem worthy of credit, and reject that which they deem unworthy of credit.

(*April* 21, 1910.)

Judges BOYCE and HASTINGS sitting.

*Charles H. LeFevre* for plaintiffs.

*Alexander M. Daly* defendant.

Superior Court, Kent County, April Term, 1910.

ACTION OF TRESPASS QUARE CLAUSUM FREGIT (No. 22, July Term, 1908), to recover for injuries to certain peach trees on the demised premises occupied by the plaintiffs, alleged to have been occasioned by the defendant landlord by mutilating and improperly trimming said trees without the consent of the plaintiffs.

The pleas were, not guilty; release; statute of limitations, and a special plea of justification, alleging a custom of the neighborhood permitting landlords to go upon demised premises and do certain necessary work where the tenant failed to do the same. To said special plea the plaintiffs filed a replication acknowledging that the defendant was landlord but denying the existence of the alleged custom and averring that the lessor entered upon the said land and committed the damage complained of in the declaration, without the consent of the lessees.

One of the plaintiffs was permitted against objection to testify that he sold peaches that season for from twenty-five to forty cents a basket, that the limbs that were cut from the trees by the defendant, were full of peaches, that there were about five hundred trees in the orchard and that the defendant lopped off about thirty-four or forty-four trees, and severely trimmed the remainder; and cut the orchard about one-half down, and that he only picked and sold thirty-five baskets from the orchard. On cross-examination, he stated that he considered that the

defendant cut off from eight hundred to one thousand baskets of peaches.

Counsel for the defendant asked that the Court strike out the testimony, as to the loss of peaches arising from the cutting and trimming complained of, as being too remote, speculative, and improper evidence under the form of action sued upon.

BOYCE, J.:—The rule of evidence applicable to this case is, we think, well expressed in 2 *Greenleaf, on Evidence*, at *Section* 635, under the sub-head of Damages:

"The rule of damages in this action has already been discussed in treating the subject of Damages; where we have seen that the declaration involves not only the principal transaction, but all its attendant circumstances, and its natural and injurious results; all of which are put in issue by the plea of not guilty. Upon this principle it has been held, in *trespass quare clausum fregit*, where the defendant's sheep trespassed on the plaintiff's close, and co-mingled with his own, that evidence of a deadly disease, communicated by the defendant's flock to the plaintiff's, was admissible, as showing part of the damages which the plaintiff was entitled to recover. And the knowledge of the defendant was held immaterial to be proved, unless to increase the damages. And generally, where the plaintiff has been deprived of the use of his property for a time, by the act complained of, the value of the use, during such period, is to be taken into the estimation of damages."

We think, for the purpose of showing the valuation of the use of the trees that are alleged to have been upon the leased premises (it being shown that at least some of them bore fruit during the year of the alleged trespass), the evidence which the plaintiff has introduced is pertinent and that it was properly admitted. We decline to strike it out.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Isaiah Morris and Ella Morris, the plaintiffs, brought this action against Joseph M. Hazel, the

defendant, to recover damages for an alleged unlawful entry upon the lands which it is admitted the plaintiffs held under a lease from the defendant, dated the sixteenth day of September, A. D. 1907, which is in evidence before you.

The plaintiffs claim that the defendant did, on the sixteenth day of May, A. D. 1908, unlawfully enter upon and commit an injury to their possession of said lands by cutting down some thirty-four or forty-four peach trees and by severely trimming some four or five hundred other peach trees, and that by reason thereof they sustained an actual loss in the destruction of the fruit then and there growing upon said trees.

The defendant claims that the trees were diseased with both scale and yellows, and that the plaintiffs did not, when requested, trim said trees, and that he, the defendant, did not enter upon the said lands and premises until he had first told Isaiah Morris, one of the tenants, that he, the landlord, would enter upon the premises and trim the trees unless they, the defendants, themselves trimmed the trees. And he claims that Morris made no reply thereto—and that it was not until after he had so informed Morris that he did enter upon the lands and trim the trees in a reasonable and proper manner.

The defendant has pleaded a custom, in part, in this language:—"And he, the said defendant, and all those whose estate he now hath and all persons adjoining said close, farm and tract of land in Kenton Hundred aforesaid, all those whose estate such persons now have and had at the several times etc. mentioned in said plaintiffs declaration, and from the time whereof the memory of man is not to the contrary, have the right, power and authority and have been accustomed to use and exercise the same, to enter in and go upon all the demised premises in the Hundred aforesaid and to trim all fruit trees thereon growing and being on the said lands and that such persons adjoining said lands as aforesaid ought to have the right to go upon the demised premises aforesaid and trim all fruit trees upon said premises growing and being as aforesaid." Issue was joined on the plea. The defendant has introduced testimony in support of the alleged custom

set up by the plea. And likewise the plaintiffs introduced testimony to the effect that no such custom prevailed.

This is an action of *trespass quare clausum fregit*, which is an action for breaking the close of another and forcibly and unlawfully entering upon another's land. This action is based upon an alleged injury to the possession of the plaintiffs as tenants of the defendant. It is competent for one in possession of lands under a demise, to bring an action of this kind against his landlord. If you find, under the evidence, that there was an unlawful entry by the defendant upon the lands of his tenants, the plaintiffs in this case would be entitled to recover nominal damages. In order for the plaintiffs to recover more than nominal damages—that is, in order for them to recover actual damages—it is necessary for them to show by the evidence that they have sustained some actual damage. If you find from the evidence that the defendant did not unlawfully enter upon the plaintiffs' possessions but that he went thereupon by the permission, license, or tacit consent of the plaintiff Morris; then the defendant's entry was not unlawful, and in that event, your verdict should be for the defendant.

If, on the other hand, you find that the defendant did unlawfully—without the consent or acquiescence of the plaintiffs,—enter upon the lands, but without injury to the possession of the plaintiffs, then your verdict should be for the plaintiffs for nominal damages.

If you find that the plaintiffs are entitled to nominal damages, by reason of an unlawful entry, then you should determine whether they are entitled to recover actual damages. If there was such a custom as alleged in the defendant's special plea, and concerning which evidence has been introduced, both for and against,—then the plaintiffs would not be entitled to any damages,—provided, of course, that the defendant did only the customary trimming. Of course a landlord could not go upon the lands of his tenant and wilfully destroy his own property to the detriment of his tenant. If there was not any such custom, as relied upon by the defendant, then the question arises for your

Verdict.

consideration whether the trimming—which the defendant admits he did—was done by the consent or acquiescence of the plaintiffs. If it was, then the plaintiffs cannot recover. If the trimming was not done by their consent or acquiescence, then it is for you to determine what amount, if any, the plaintiffs have been injured by the trimming; whether it was an unusual and unnecessary trimming, or whether it was such a trimming as that the tenants were not injured thereby.

We have permitted testimony to be introduced showing how many peaches were picked on the farm during the year in question and what they sold for; and also testimony of an estimate of the fruit alleged to have been destroyed by the trimming. You should consider this testimony in connection with all the testimony in the case in your endeavor to estimate what actual damages, if any, the plaintiffs may have suffered by the trimming of the trees.

We will say to you that in civil actions the preponderance of evidence controls. That is to say, you should determine the questions involved in this case according to the greater weight of the evidence. You are the judges of the weight and value of the testimony, as well also of the credibility of the witnesses. And where there is conflict in the testimony—as there is in this case—it is your duty as sworn jurors to reconcile the conflict if you can. If you cannot, you should give credit to that part of the testimony which you deem to be most worthy of credit, and reject that part thereof which you deem to be unworthy of credit.

Verdict for plaintiffs for $5.